UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL WISELEY,<br><br>     Plaintiff,<br><br>  vs.<br><br>DEPARTMENT OF SOCIAL SERVICES,<br>in official capacity; and PENNINGTON<br>COUNTY STATES ATTORNEYS OFFICE,<br><br>     Defendants. | CIV. 18-5052-JLV<br><br><br>ORDER |

## INTRODUCTION

Plaintiff Michael Wiseley, appearing *pro se*, brought this action pursuant to 42 U.S.C. § 1983. (Docket 1). The court granted plaintiff leave to proceed *in forma pauperis* but dismissed his complaint for failure to state a claim upon which relief could be granted. (Docket 12). Plaintiff sent the court a letter moving for an extension of his appeal deadline and asking the court to accept his letter as a notice of appeal. (Docket 15). He also moved for leave to proceed on appeal *in forma pauperis*. (Docket 16). He filed the required prisoner trust account report. (Docket 17). The court grants plaintiff an extension of time to appeal and treats his letter as a notice of appeal, but denies him leave to proceed on appeal *in forma pauperis*.

## I. Motion to Extend Appeal Deadline

In his letter, plaintiff stated he "realize[s] this is a bit past the deadline for appeal however [he] was waiting on" a prisoner trust account report.

(Docket 15). He also stated he "was never actually sent Notice of Appeal motion papers for this file[.]" Id. He asks the court to accept his letter and his motion for leave to proceed on appeal *in forma pauperis* as his notice of appeal. Id. He further asks the court to accept the documents "as tardy due to waiting on institution paperwork[.]" Id. The court construes plaintiff's letter as a motion to extend his appeal deadline and a notice of appeal.

The court entered judgment in favor of defendants on September 10, 2019. (Docket 13). Plaintiff had 30 days to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). Plaintiff's deadline to appeal was October 11, 2019. Plaintiff's letter was dated October 15 and was filed on October 18. (Docket 15). Federal Rule of Appellate Procedure 4(a)(5) allows a plaintiff to seek an extension of time in which to appeal within 30 days after the appeal deadline. Plaintiff's motion for an extension is timely.

The court may extend the time to file a notice of appeal if the movant "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii).

> [The United States Court of Appeals for the Eighth Circuit] consider[s] four factors in determining whether excusable neglect or good cause for an extension exists: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.

Treasurer, Trustees of Drury Indus., Inc. Health Care Plan & Tr. v. Goding, 692 F.3d 888, 893 (8th Cir. 2012). Of these factors, the reason for the delay is the most critical. Id. These factors weigh in favor of granting an extension.

On the first factor, there is no prejudice to the non-moving party because the court did not permit plaintiff to serve his complaint on the named defendants. The second factor weighs in favor of an extension because plaintiff contacted the court promptly after his appeal deadline passed, creating little delay. Plaintiff's reason for delay is meritorious. The court originally mailed its judgment and a prisoner appeal packet to the Winner City Jail in Winner, South Dakota. However, plaintiff was moved from the Winner City Jail to the Pennington County Jail in Rapid City, South Dakota, requiring the court to resend the documents to plaintiff again. This address mix-up created the delay. Finally, plaintiff acted in good faith in seeking the extension, as evidenced by his prompt letter to the court after the appeal deadline passed.

The court finds plaintiff met his burden to justify an extension of time to appeal the court's judgment.[1] Under Rule 4(a)(5), the court is permitted only to grant an extension lasting "30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). Here, the later date works out to November 27, 2019.

The court construes plaintiff's letter as a notice of appeal. In the letter, plaintiff asks the court to accept his documents as a notice of appeal. (Docket 15). While plaintiff's letter does not meet the requirements of Rule 3(c) describing the necessary contents of a notice of appeal, the notice "may not be

---

[1]The court notes Federal Rule of Appellate Procedure 4(c), which designates the date of a notice of appeal filed by an incarcerated appellant as the date the notice was deposited in the institution's mail system, is inapplicable because plaintiff did not meet the requirements of that rule. In any event, plaintiff's letter was dated October 15, four days past the appeal deadline.

dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R. App. P. 3(c)(4). Plaintiff's letter clearly expresses his intent to appeal the court's judgment. The court will accordingly direct the Clerk of Court to treat the letter as a notice of appeal and transmit it to the Eighth Circuit.

## II.   Motion to Proceed *in Forma Pauperis* on Appeal

The process for seeking leave to proceed *in forma pauperis* on appeal as a prisoner is remarkably complex. It is governed by both 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. Section 1915 requires a prisoner to file "an affidavit that includes a statement of all assets" and that "shall state the nature of the . . . appeal" along with a prisoner trust account report. 28 U.S.C. §§ 1915(a)(1), (2). Section 1915 further requires the court to determine if the appeal is taken in "good faith." Id. at § 1915(a)(3). "Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant." Maddox v. Chisago Cty. Sheriff Office, No. 10-CV-2133, 2010 WL 3119393, at *2 (D. Minn. Aug. 5, 2010) (citing Coppedge v. United States, 369 U.S. 438, 444-45 (1962)). In determining whether an appeal is taken in good faith, the court must decide "whether the claims to be decided on appeal are factually or legally frivolous." Id. (citing Coppedge, 369 U.S. at 444-45). "An appeal is frivolous, and therefore cannot be taken in good faith, 'where it lacks an arguable basis either in law or in fact.' " Id. (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Rule 24 requires an appellant seeking to proceed *in forma pauperis* on appeal to so move in the district court and file an affidavit that:

> (A)    shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B)    claims an entitlement to redress; and
>
> (C)    states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

The court cannot grant plaintiff leave to appeal *in forma pauperis* because plaintiff nowhere states what issues he intends to present on appeal. See 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a)(1)(A), (C). The court also concludes plaintiff's appeal is not taken in good faith because it is legally frivolous. Plaintiff's § 1983 claim asked the court to interfere in state child welfare proceedings. (Docket 12 at p. 3). The court dismissed the complaint under the well-established Younger doctrine, which directs a federal court to avoid enjoining pending state court proceedings. Younger v. Harris, 401 U.S. 37 (1971). The court finds plaintiff would "lack[] an arguable basis either in law or in fact" in contesting this foundational error with his case on appeal. Neitzke, 490 U.S. at 325.

## ORDER

For the reasons given above, it is

ORDERED that plaintiff's motion to extend his appeal deadline (Docket 15) is granted.

IT IS FURTHER ORDERED that the Clerk of Court shall treat plaintiff's October 15, 2019, letter to the court (Docket 15) as an untimely notice of appeal authorized by this order and shall transmit it to the United States Court of Appeals for the Eighth Circuit.

IT IS FURTHER ORDERED that plaintiff's motion to proceed *in forma pauperis* on appeal (Docket 16) is denied.

IT IS FURTHER ORDERED that plaintiff shall pay the $505 appellate filing fee to the Clerk of the United States District Court for the District of South Dakota.

Dated November 13, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE